**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANTONIE TWITTY,

                            Plaintiff

                  - v -                                     Civ. No. 9:04-CV-0222
                                                                         (TJM/RFT)

A. TOUSIGNANT, *et al.*,

                            Defendants.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

ANTONIE TWITTY
Plaintiff, *pro se*
**Last Known Address:**
148 Tomkins Avenue
Brooklyn, New York 11206

HON. ELIOT SPITZER                         CHARLES J. QUACKENBUSH, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Office of the Attorney General—Albany Office
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

**REPORT RECOMMENDATION and ORDER**

**I. BACKGROUND**

      This civil rights action was commenced by the Plaintiff on March 1, 2004. Dkt. No. 1, Compl. On April 23, 2004, the Honorable Thomas J. McAvoy, United States Senior District Judge, ordered Twitty to file an amended complaint that conforms with the Federal Rules of Civil Procedure; Twitty was ordered to file such amendments within thirty (30) days of that Order to

avoid dismissal of his action. Dkt. No. 4.[1] Twitty complied with Judge McAvoy's Order when he timely filed an Amended Complaint (Dkt. No. 6, Am. Compl.), which was thereafter approved by Judge McAvoy (Dkt. No. 7, Order dated July 6, 2004). In that Order, Judge McAvoy specifically notified Plaintiff of his obligation to keep both the Court and his adversaries apprised of a current address and that his failure to comply with his obligation would result in dismissal of his action. Dkt. No. 7 at p. 3. Twitty acknowledged this obligation when, on July 23, 2004 and December 8, 2004, before any Defendants appeared in this action, Twitty notified the Court of changes in his address. Dkt. Nos. 10 & 11.

On February 16, 2005, the Summonses issued for each Defendant were returned to this Court unexecuted for varying reasons. Dkt. Nos. 12-17. To date, the only Defendants who have been properly served in this action are Defendants Parmer and Tousignant. It is not clear from the Docket Report what further efforts have been undertaken by Plaintiff to ensure that the other Defendants are served with process. The two Defendants who have appeared filed a Motion for Judgment on the Pleadings, pursuant to FED. R. CIV. P. 12(c). Dkt. No. 23. On September 30, 2005, the Court issued a Notice notifying the parties that the Defendants' Motion was returnable on submit only and was before the undersigned.[2] On October 11, 2005, that Notice, which was mailed to Plaintiff at the above address, was returned undeliverable with a notation "Return to Sender/Attempted Not Known/Unable to Forward." *See* Dkt. No. 24. A response to Defendants' Motion was due from Plaintiff on October 31, 2005. On October 17, 2005, prior to the expiration of

---

[1] Judge McAvoy also dismissed the State of New York as a Defendant since such claims were clearly barred by the Eleventh Amendment. Dkt. No. 4 at p. 4. Judge McAvoy also granted Twitty's Application to Proceed with this Action *in Forma Pauperis*. *Id.*

[2] Defendants' Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

such Response Deadline, the Court received correspondence from Assistant Attorney General (AAG) Charles Quackenbush, attorney for Defendants Parmer and Tousignant, notifying this Court that the Motion for Judgment on the Pleadings he served upon Plaintiff, 148 Tompkins Avenue, Brooklyn, New York 11206, was returned undeliverable with a notation "Attempted Not Known." Dkt. No. 26.[3]

On November 3, 2005, this Court ordered Twitty to notify the Court of his current whereabouts within thirty days. Dkt. No. 28. We also extended the time for Twitty to file a response to Defendants' Motion to December 5, 2005. *Id*. Plaintiff was again warned of his obligation to keep both the Court and his adversaries apprised of a current address. *Id*. He was also specifically informed of the consequences that may befall his action should he continue to shirk that responsibility as well as the consequences of failing to respond to Defendants' Motion. *Id*. To date, Plaintiff has not submitted any update or verification of his current whereabouts and has similarly failed to respond to Defendants' Motion.

## II.  DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Moreover, a plaintiff has the duty to inform the court of any address changes. As then-

---

[3] Pursuant to AAG Quackenbush's request, this Court stayed all deadlines pending a resolution of the Defendants Motion. *See* Dkt. Nos. 25 & 27.

District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

Additionally, Plaintiff was previously advised by the Court, on numerous occasions, that he was obligated to promptly notify the Clerk's Office of any change in his address, and that his failure to keep both this Court and his adversaries apprised of his current address would result in the dismissal of the instant action. *See* Dkt Nos. 7 & 28.

This Court finds that Plaintiff's actions warrant dismissal of his action as this matter cannot proceed without notification to the Court and Defendants by the Plaintiff of his current address. We further find that Plaintiff's failure to take any action as directed by this Court may be properly deemed as an abandonment of his claims. *See* N.D.N.Y.L.R. 41.2(a) ("[P]laintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."); *see also* FED. R. CIV. P. 41(b). As such, in accordance with the Federal Rules of Civil Procedure, we recommend **dismissal** of Plaintiff's claims **with prejudice**. FED. R. CIV. P. 41(b) (stating that a dismissal for failure to prosecute operates as an adjudication on the merits). In making these recommendations, we make no determinations at this time as to the merits of Defendants' Motion for Judgment on the Pleadings, but rather, will direct the Clerk of the Court to remove such Motion from the Court's Pending Motion Report pending a determination by the District Judge on the recommendations contained herein. Should Judge McAvoy choose to not accept these recommendations, the Clerk of

the Court is directed to re-issue Defendants' Motion and forward this file to the undersigned, without further order, for report and recommendation as to the merits of Defendants' Motion.

**WHEREFORE**, it is hereby

**ORDERED**, that the Clerk of the Court shall terminate Defendants' Motion for Judgment on the Pleadings (Dkt. No. 23) and remove such Motion from the Court's Pending Motion Report pending the District Judge's determination on the recommendations contained herein.  In the event the District Judge does not accept the recommendations herein, the Clerk is directed, without further order from this Court, to re-issue the Defendants' Motion and forward this file to the undersigned for the issuance of a Report and Recommendation on the merits of such Motion; and it is further

**RECOMMENDED**, that this entire action be **DISMISSED** in accordance with Local Rule of Practice 41.2(b) due to Plaintiff's failure to comply with the Local Rules of Practice of this Court, namely Rule 10.1(b)(2), in failing to keep his address updated; and it is further

**RECOMMENDED**, that the entire action be **DISMISSED**, in accordance with Local Rule of Practice 41.2(a), due to Plaintiffs failure to prosecute his action; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R.

Cɪᴠ. P. 72(b), 6(a), & 6(e).

**IT IS SO ORDERED.**

Dated: December 28, 2005
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge